**In re TIERRA PETROLEUM, INC., Debtor.**

Tierra Petroleum, Inc. f/k/a Texas Coastal Petroleum of Oklahoma, Inc., Plaintiff,

v.

W. Steven Walker, T.E. Thompson, Peggy Thompson Lyndon Gibson, Don Bates, Jeff Robinson, Gordon Kranz, Robert A. Gamrod, and Pam Gamrod, Defendants.

Bankruptcy No. 92–41087.
Adversary No. A–94–4049.

United States Bankruptcy Court, E.D. Texas, Sherman Division.

Jan. 29, 1999.

Gary J. Derer, Dallas, TX, for trustee.

W. Steven Walker, Hurst, TX, for defendant.

## OPINION

DONALD R. SHARP, Chief Judge.

This matter is before the Court on a remand from the District Court following an appeal of this Court's earlier ruling. The District Court determined that this Court wrongfully interpreted the holding in *In re S.I. Acquisition, Inc.* 817 F.2d 1142 (5th Cir.1987). As the District Court correctly and succinctly pointed out, the lengthy opinion did not make a finding as to whether the Creditor was seeking to recover property of the Debtor but limited its holding to the narrow issue of whether the Creditor's cause of action based on alter ego under Texas law was an action that the corporate Debtor could have brought against the controlling party. This Court failed to make that determination and the matter has been remanded to make the initial findings of fact as to whether or not the state court judgment in question in this action is based solely upon an alter ego claim which belongs to the corporate debtor, Tierra Petroleum.

The Court has reviewed all of the documents placed into evidence in this case as well as the transcript of the hearing which consisted simply of tender of documentary evidence and argument of counsel. The Court has determined that there is no necessity for reopening the earlier hearing or rescheduling a hearing since the parties had ample opportunity to present whatever they wanted to present at the first hearing. Accordingly, the Court has decided to rule on the matter on remand upon a reconsideration of the record as it stands.

Given the succinct summary of the holding of the *S.I. Acquisition* case by the District Court, it is clear that this Court's recitation of its determination of the teaching of that case and its relationship to the issue before the Court was incorrect.

There is also some indication in footnote three of the District Court opinion that it

may have been erroneous for this Court to consider the original state court complaint in trying to determine the meaning of the judgment to be interpreted. This Court's reference to the complaint was made only because the state court judgment adopted all of the facts in the complaint and seemed to incorporate those facts by reference in the judgment. However, upon a reconsideration of the matter, it is clear that this Court did not need to refer to the complaint and it is clear that this Court's earlier ruling was correct even though it was made for the wrong reason.

The issue, as framed by the District Court, is whether or not the state court judgment is based solely on an alter ego claim that grants Tierra Petroleum the right to pursue that claim against its control entity which would make that claim property of the bankruptcy estate and therefore protected by the automatic stay of 11 U.S.C. § 362. A reading of the judgment makes it abundantly clear to this Court that there is no judgment against Tierra Petroleum and that there is no claim against Tierra Petroleum that can, in turn, be asserted by Tierra Petroleum against its controlling entities.

There is a clear distinction between the situation in the *S.I. Acquisition* case and the case at bar. In *S.I. Acquisition*, the Creditor was asserting a claim against the Debtor (S.I. Acquisitions) and was attempting to pierce the corporate veil and hold the other defendants liable for those debts. The theory being that S.I. Acquisitions was the alter ego of the controlled entities. The Fifth Circuit recognized that any cause of action that flowed through S.I. Acquisitions to the controlled persons was a cause of action that S.I. Acquisitions could assert against the controlled persons and ... "pierce its own corporate veil and hold accountable those who have misused the corporation in order to meet its corporate obligations." (at page 1152) Those facts do not exist in this case. The judgment at issue in this proceeding is not against the Debtor and the Credi-

tors have asserted no claim against the Debtor in this proceeding. All of the corporate defendants were nonsuited in the state court case and the judgment rendered is only against the Potters' individually. This Court finds that there is no claim against Tierra Petroleum based on its alter ego status vis a vis the Potters and therefore, it has no claim to assert against the Potters or anyone else which is property of the bankruptcy estate. Therefore, the automatic stay does not protect the Potters and this Court cannot extend its reach to the Potters simply because of their relationship to the Debtor. This case is readily distinguishable from the *S.I. Acquisition* case in that regard. The Court reaffirms its earlier ruling for the reasons set forth in this opinion.

### *ORDER OF INJUNCTION*

This matter is before the Court on a remand from the District Court following an earlier appeal of this Court's Judgment on Tierra Petroleum, Incorporated's adversary proceeding entered May 5, 1994. The Court has reconsidered this matter in accordance with the remand from the District Court and for reasons contained in a written opinion dated contemporaneously herewith, it is ORDERED, ADJUDGED and DECREED that W. Steven Walker, T.E. Thompson, Peggy Thompson, Lyndon Gibson, Don Bates, Jeff Robinson, Gordon Kranz, Robert A. Gamrod and Pam Gamrod, their agents, attorneys, employees and successors be and they hereby are permanently restrained and enjoined from proceeding with, taking any actions with respect to or in any way attempting to execute in levy against Tierra Petroleum Incorporated, Debtor herein, or against any of the assets of Debtor's bankruptcy estate based on that certain judgment dated January 26, 1993, against Judy Potter and Michael Potter, in Thompson, et al., vs. Texas Coastal Petroleum of Oklahoma, Inc. et al., cause number 91–1688 in the

192nd Judicial District Court, Dallas, Texas.

Any relief requested which is not specifically granted herein is DENIED.